UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ZIMMERMAN, ANTHONY DEVITO, and SEAN DONNELLY, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>PARAMOUNT GLOBAL, COMEDY PARTNERS, and DOES 1-10,<br><br>       Defendants. | No. 1:23-cv-2409 (VSB) |
| MICHAEL KAPLAN, an individual, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>COMEDY PARTNERS, a New York general partnership,<br><br>Defendant. | No. 1:22-cv-9355 (VSB) |

**ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL, AND APPOINTMENT OF CLASS REPRESENTATIVES**

Having considered Class Plaintiffs'[1] unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion for Preliminary Approval"), and all supporting documents, which seeks an Order that: (1) grants preliminary approval of the Stipulation and Agreement of Settlement (the "Settlement Agreement"); (2) certifies the class for settlement purposes; (3) appoints Class Counsel[2] as counsel for the provisionally certified settlement class; (4) approves the proposed plan of notice and notice to the Settlement Class; (5) appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator; (6) sets a schedule for disseminating notice to the Settlement Class as well as other deadlines related to the administration of the settlement, including deadlines to object to or opt-out of the settlement; and (7) schedules a final approval hearing; the Court hereby finds as follows:

A.      The Actions[3] are pending before this Court;

B.      Class Plaintiffs have entered into and executed the Settlement Agreement with Defendants,[4] which if finally approved by the Court, will result in the settlement of all claims in the Actions;

---

[1] As defined in the Settlement Agreement, "Class Plaintiffs" refers collectively to Michael Kaplan, Joseph Zimmerman, Anthony DeVito, and Sean Donnelly.

[2] As defined in the Settlement Agreement, "Class Counsel" refers collectively to Laurie Rubinow of Miller Shah LLP; Neville L. Johnson, Douglas L. Johnson, and Melissa N. Eubanks of Johnson & Johnson LLP; Daniel L. Warshaw and Bobby Pouya of Pearson Warshaw, LLP; Scott A. Kamber of KamberLaw, LLC; Benjamin J. Sweet, Jonathan D. Miller, and Margaret A. Parker of Nye, Stirling, Hale, Miller & Sweet, LLP.

[3] As defined in the Settlement Agreement, "Actions" refers collectively to *Kaplan v. Comedy Partners*, No. 22 Civ. 9355 (VSB) (S.D.N.Y.), and *Zimmerman et al. v. Paramount Global et al.*, No. 23 Civ. 2409 (VSB) (S.D.N.Y.), which are each pending in the United States District Court for the Southern District of New York.

[4] As defined in the Settlement Agreement, "Defendants" refers collectively to Paramount Global and Comedy Partners.

C.      In full and final settlement of the claims asserted against them in the Actions, Defendants have agreed to pay $11,000,000.00 (the "Settlement Amount");

D.      Class Plaintiffs, having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the settlement of the Actions against Defendants and for dismissal of the Actions against Defendants with prejudice upon the terms and conditions set forth in the Settlement Agreement;

E.      Class Plaintiffs have sought, and Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

F.      Class Plaintiffs have requested that Class Counsel be appointed as counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g);

G.      Class Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

H.      The Parties have agreed to the entry of this [Proposed] Order re Preliminary Approval of Settlement Agreement, Certification of the Settlement Class, Appointment of Class Counsel, and Appointment of Class Plaintiffs (the "Order"); and

I.      The Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Class Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing;

3

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:[5]

## I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Upon review of the record, the Court preliminarily finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel, with the aid of an experienced mediator, Hon. Louis M. Meisinger (Ret.), and falls within the range of reasonableness and should be preliminarily approved.  The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below.  The Court preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.  PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

1.    For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class described below.

2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

---

[5] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

> All persons and entities, their agents, successors in interest, affiliates, assigns, heirs, executors, trustees, and administrators who are or were parties to Recording Contracts (as that term is defined in the Settlement Agreement) with Comedy Partners whose works have been distributed by digital audio transmission via SiriusXM Radio pursuant to such Recording Contracts between May 19, 2013, up to and including December 31, 2022.

3.     Solely for purposes of the settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing the Actions as a class action.

4.     If the Effective Date does not occur because of the failure of a condition that affects the Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or the Parties.  In such circumstances, the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Federal Rule of Civil Procedure 23, or under any other state or federal rule, statute,

law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## III.    CLASS COUNSEL, CLASS REPRESENTATIVES, AND SETTLEMENT ADMINISTRATOR

1.      The law firms of Johnson & Johnson LLP, Pearson Warshaw, LLP, and Nye, Stirling, Hale, Miller & Sweet, LLP are preliminarily appointed, solely for settlement purposes, as Class Counsel for the Settlement Class.

2.      Class Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

3.      The Court preliminarily finds that the Class Counsel and Class Plaintiffs are appropriate representatives on behalf of the Settlement Class.

4.      Epiq Class Action & Claims Solutions, Inc. is appointed as the Settlement Administrator and is tasked with providing the Notice to the Settlement Class as set forth in this Order and otherwise administering the Settlement in accordance with the terms of the Settlement Agreement.

## IV.    THE SETTLEMENT FUND

1.      Pursuant to the Settlement Agreement, Defendants shall pay eleven million dollars ($11,000,000.00) (the "Settlement Amount") to fully resolve all claims in the Actions and as consideration for the releases set forth in the Settlement Agreement and the dismissal of the Actions.  The Settlement Amount, together with any interest earned thereon from the date it is wired to the Settlement Administrator, shall constitute the "Settlement Fund."

2.      The Settlement Fund shall be used to provide the exclusive recovery and relief for the Settlement Class, and shall be used to fully satisfy: (a) the Class Settlement Payments, (b) any award of Attorneys' Fees and Expenses, (c) any Incentive Award, and (d) all Notice and

Administration Costs, as those terms are defined in the Settlement Agreement.

       3.     Class Settlement Payments:  Within thirty (30) Days after the Effective Date of the Settlement Agreement, the Settlement Administrator shall send to each Settlement Class Member their Class Member Pro Rata Share (as that term is defined in the Settlement Agreement) of the total Settlement Fund, after the deduction from the Settlement Fund of (1) any award of Attorneys' Fees and Expenses, (2) any Incentive Award, and (3) any Notice and Administration Costs.

       4.     Attorneys' Fees and Expenses and Incentive Award:  Any award of Attorneys' Fees and Expenses and/or an Incentive Award will be paid from the Settlement Fund within fourteen (14) Days after the later of (1) the Effective Date; and (2) the date that the order(s) awarding the Attorneys' Fees and Expenses and/or Incentive Award become(s) Final, and provided Class Counsel has provided Defendants with the requisite W-9s and completed wire transfer forms.

## V.  CLASS NOTICE, PLAN OF DISTRIBUTION, AND FAIRNESS HEARING

       1.     The Court hereby approves the form of the Class Notice of Proposed Settlement of Class Action[6].  The Court further finds that the Class Notice program described in the Settlement Agreement is the best practicable under the circumstances.  The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Actions, certification of a Settlement Class, the terms of the Settlement, Class Counsel's application for Attorneys' Fees and Expenses and the request for an Incentive Award for Class Plaintiffs, and their rights to elect to Opt-Out of the Settlement Class or submit an Objection to the Settlement.  The Class Notice and Notice program constitute sufficient notice to all persons entitled to notice.  The Class Notice and Notice program satisfy all applicable requirements of law, including, but not limited to Federal Rule of Civil Procedure 23 and constitutional due

---

[6] The Parties may make non-substantive edits to form of the Class Notice of Proposed Settlement of Class Action without further order from the Court.

process requirements.

2.     The Class Notice shall be sent to the Settlement Class by email and/or first-class United States mail according to the terms set forth in the Settlement Agreement and the schedule set forth below.  Defendants shall provide the Settlement Administrator with the information necessary to conduct this notice plan in accordance with the terms set forth in the Settlement Agreement.

3.     The Settlement Administrator shall file proof of compliance with the Notice provisions of the Settlement Agreement no later than seven (7) Days prior to the Fairness Hearing.

4.     Any member of the Settlement Class who wishes to be excluded from the Settlement Class shall submit an appropriate, timely request for exclusion to the Settlement Administrator, postmarked no later than the Opt-Out Date (60 days after the date on which the Notice is sent to the Settlement Class) or, in the case of a Remailed Notice, the Extended Opt-Out Date (fourteen (14) days after the Remailed Notice is sent).

5.     Any member of the Settlement Class who does not timely and validly Opt-Out of the Settlement Class will be bound by all proceedings and orders in the Actions.

6.     Any Settlement Class Member who does not Opt-Out and who wishes to object to (a) the fairness, reasonableness or adequacy of the Settlement, or (b) the requested award of Attorneys' Fees and Expenses, or (c) the Incentive Award, shall submit an appropriate, timely Objection to the Court, received no later than the Objection Date (60 days after the date on which the Notice is sent) and provide a copy to the Settlement Administrator, to the addresses set forth in the Notice, postmarked on or before the Objection Date or, in the case of a Remailed Notice, the Extended Objection Date (fourteen (14) days after the Remailed Notice is sent) in compliance with the provisions of the Settlement Agreement and as set forth in the Notice. If an objector is

represented by an attorney for the purposes of making an objection, a notice of appearance by the objector's attorney must be filed with the Court no later than the Objection Date.  The address for filing objections with the Court is as follows:

> Clerk of Court
> U.S. District Court for the Southern District of New York
> Daniel Patrick Moynihan United States Court House
> 500 Pearl Street
> New York, NY 10007-1312
> Re: *Kaplan v. Comedy Partners*, Case No. 22 Civ. 9355

7.  Any responses to any Objection shall be filed with the Court and considered in conjunction with the Motion for Final Approval.

8.  The Settlement Administrator shall establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communication relating to the Settlement.  The Settlement Administrator shall also establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement.

9.  Class Counsel shall file any applications for an award of Attorneys' Fees and Expenses, and an Incentive Award, at least thirty-five (35) days prior to the Opt-Out Date and Objection Date.

10.  The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defendants' Counsel within fifteen (15) days after the Opt-Out Date or, where appropriate, the Extended Opt-Out Date.  The Settlement Administrator shall also provide Class Counsel and Defendants' Counsel the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) days before the deadline for filing the Motion for Final Approval of the Settlement so that it can be filed in conjunction with the filing of the Motion for Final Approval.

11.  A hearing (the "Fairness Hearing") shall be held before this Court on **July 22, 2025**

**at 10:00 a.m.** to consider whether the Settlement should be given final approval by the Court. At the hearing, the Court will also consider any application for an award of Attorneys' Fees and Expenses and/or an Incentive Award.  This hearing may be postponed by the Court without additional notice to members of the Settlement Class.

12.    The Court issues the following schedule for further proceedings:

| EVENT | DATE | TIMELINE |
|---|---|---|
| Class Notice Date | 4/10/2025 | Thirty (30) Days after entry of the Preliminary Approval Order. |
| Deadline for applications for Attorneys' Fees and Expenses, and an Incentive Award | 5/5/2025 | Thirty-five (35) days prior to the Opt-Out Date and Objection Date. |
| Deadline for opting-out of the Settlement and for submission of Objections (the "Opt-Out Date" and "Objection Date") | 6/9/2025 | Sixty (60) Days after the Notice Date. |
| Extended Opt-Out Date and Extended Objection Date | [TBD] | Fourteen (14) Days after Remailed Notice is sent. |
| Deadline for filing Motion for Final Approval of the Settlement (including responses to objections) | 7/1/2025 | Twenty-one (21) days before the Fairness Hearing |
| Fairness Hearing | 7/22/2025 | |

## VI. OTHER PROVISIONS

1.    The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

2.    The Court approves the establishment of an escrow account under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All

funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

3.       All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Settlement Fund shall be paid, as set forth herein and the Settlement Agreement.  In the event the Court does not approve the Settlement Agreement, or if the Settlement Agreement otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to the Settlement Agreement, and all remaining amounts shall be returned to Defendants.

4.       In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Actions as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to the Parties, and may not be introduced as evidence or referred to in any actions or proceedings.

5.       All proceedings in the Actions are stayed until further order of the Court.  Such stay does not apply, however, to the extent proceedings are necessary to implement the terms of the Settlement Agreement or comply with their terms.

6.      All Class Members shall be bound by all determinations and judgments in the Actions concerning the settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

7.      Any member of the Settlement Class may enter an appearance in the Actions, at their own expense, individually or through counsel of their own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Class Counsel.

**SO ORDERED.**

Dated: _3/11/2025__

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE